# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NICKEY POUND, SR.,                                  Case No. 1:16-cv-474

    Plaintiff,                              Dlott, J.
                                             Bowman, M.J.
  v.

CORRECTIONAL OFFICER HAWKINS,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Lebanon Correctional Institute ("LeCI") in Warren County, Ohio who proceeds *pro se*, filed this §1983 action, alleging that the Defendant, Correctional Officer Hawkins, violated his civil rights under the Eighth Amendment of the U.S. Constitution. Pursuant to local practice, this case has been referred to the undersigned magistrate judge. I now recommend that judgment be granted in favor of the Defendant, and that this case be dismissed.

  **I.**    **Background**

Plaintiff alleges that in the early morning hours of May 6, 2013, he and his cellmate began banging on their cell door to get attention because Plaintiff was experiencing severe chest pain. (Doc. 6 at 2). Plaintiff claims that he and/or his cellmate informed Defendant Hawkins of his severe chest pain. Plaintiff alleges that the Defendant stated that he would call medical, and shortly thereafter that Defendant returned to the cell, claiming that the third-shift nurse had said Plaintiff should sign up for a medical visit. However, around 8:30 a.m. the next morning, Plaintiff was rushed to the hospital where he underwent surgery for a ruptured gall bladder. Through his own

investigation, Plaintiff claims to have discovered that Officer Hawkins never did report Plaintiff's condition to medical the previous evening, resulting in unnecessary additional severe pain overnight, for approximately 8 hours, and emergency treatment the following day.  (*Id.*)  Plaintiff seeks compensatory and punitive damages totaling $75,000 from Officer Hawkins in his individual capacity.  (*Id.* at 3).

On September 1, 2017, Defendant filed a motion for summary judgment. (Doc. 25). Plaintiff filed a response in opposition on October 16, 2017 (Doc. 27), to which the Defendant filed a reply. (Doc. 28). Without first seeking leave of court, Plaintiff filed a sur-reply, (Doc. 29), which document the Defendant seeks to strike as improperly filed. (Doc. 30).  In addition, and again without leave of court, Plaintiff filed a "supplemental memorandum" in opposition to the motion for summary judgement, (Doc. 31).  The latter document has elicited an additional motion to strike by the Defendant. (Doc. 32).

**II.    Analysis**

**A.  Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Rule 56(c) explains in relevant part that a party asserting that a fact cannot be

genuinely disputed must support the assertion by citing to "particular parts of materials in the record, including depositions, documents…affidavits or declarations, stipulations…, admissions, interrogatory answers, or other materials" or alternatively by showing that the adverse party "cannot produce admissible evidence to support the fact." This Court must consider the cited materials, but "may" consider other materials in the record. Rule 56(c)(3).

Once the moving party has met its burden of production, the nonmoving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-49. The mere existence of a scintilla of evidence to support the nonmoving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id.* at 252.

This case involves a single claim that Defendant was deliberately indifferent to Plaintiff's serious medical needs on May 6, 2013. In his motion for summary judgment, Defendant argues that he entitled to judgment as a matter of law because Plaintiff's claim is time-barred. In the alternative, and to the extent that this Court reaches the merits of the claim, Defendant argues that he remains entitled to judgment as a matter of law based upon Plaintiff's failure to state a claim under the Eighth Amendment, as well as the doctrine of qualified immunity.

**B. Defendant Hawkins is Entitled to Judgment as a Matter of Law**

**1. Statute of Limitations**

The statute of limitations governing claims filed under 42 U.S.C. §1983 is borrowed from the statute of limitations that governs personal injury actions in the state where the 1983 claim has been filed. See *Wilson v. Garcia*, 471 U.S. 261, 268-269

(1985). Therefore, Plaintiff's claim is subject to the two-year statute of limitations set forth in Ohio Rev. Code Ann. § 2305.10. See *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) The limitations period begins to run when a party has reason to know of an alleged constitutional injury. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

Under the Prison Litigation Reform Act, inmates are required to exhaust their administrative remedies prior to filing suit in this Court. On October 28, 2013, Plaintiff submitted an institutional grievance that contained similar allegations against the Defendant. Plaintiff alleges that on November 8, 2013, he learned through a response to that grievance that Officer Hawkins never contacted a nurse on Plaintiff's behalf on the evening of May 13, 2013. However, Plaintiff did not initiate this federal case until April 15, 2016, nearly three years after the Defendant allegedly violated Plaintiff's civil rights, and well past the two-year limitations period applicable to his § 1983 claim.

Even if the limitations period were to be tolled until November 2013, when Plaintiff claims he first learned about the Defendant's alleged failure to contact the medical department, Plaintiff's claim still would be barred by the two-year limitations period, because he would have had to initiate this federal case by November 8, 2015. Plaintiff did not seek leave to file his complaint until April 15, 2016, more than five months following the expiration of the limitations period.[1] Ironically, Plaintiff does not dispute that his federal claim was not filed within the relevant limitations period. When he initiated this case, he did so by filing a "motion for leave to file a delayed complaint,"

---

[1] The record reflects that on April 15, 2016, Plaintiff filed a "motion for leave to file a delayed complaint" that included as attachments, both a copy of his prisoner trust fund account and a copy of the complaint. (Doc. 1). On April 28, 2016, this Court filed a Deficiency Order because Plaintiff had failed to file either the requisite filing fee or an application to proceed *in forma pauperis*. Plaintiff later responded by filing the appropriate application, and was granted *in forma pauperis* status.

4

noting that he was beyond "the two (2) year limitation, due to no fault of his own." (Doc. 2 at 2). His motion cites a case in which a court allowed the *filing* of an untimely complaint but warned the plaintiff that if the defendant chose to raise the statute of limitations as an affirmative defense, then the plaintiff could argue at that time why the statute should be tolled. (*Id.*)

Despite being well aware of the applicable statute, Plaintiff's memorandum in opposition to summary judgment offers no excuse at all for his failure to file suit within the requisite limitations period. Instead, he opposes dismissal by arguing that "the Government has breathed life into this case by responding [to it]." (Doc. 27 at 2). Other than that fleeting reference, Plaintiff's responsive memorandum does not address either the statute of limitations defense or Defendant's qualified immunity argument, choosing instead to oppose only an alternative argument concerning Plaintiff's alleged failure to state an Eighth Amendment claim.

In a reply in support of his motion for summary judgment, Defendant argues that Plaintiff's response should not be considered at all, because it was not timely filed. Defendant filed his motion for summary judgment on September 1, 2017. The deadline for filing any response in opposition, pursuant to S.D. Ohio Civ. R. 7.2(a)(2), was September 25, 2017. After Plaintiff failed to file any timely response, the undersigned issued a "show cause" Order that directed Plaintiff to show cause "why the Defendant's motion for summary judgment should not be construed as unopposed and granted for the reasons stated." (Doc. 26). Plaintiff responded by filing an untimely memorandum in opposition; but without showing cause or providing any explanation for his failure to file a timely response.

A prisoner's pro se status does not exempt him from compliance with all relevant procedural rules, including the need to timely file a memorandum in opposition to summary judgment. *See Jourdan v. Jabe*. 951 F.2d 108 (6th Cir. 1991). On November 17, 2017, Plaintiff filed an additional and unauthorized "response" to the "show cause" order, hereby construed as a sur-reply in opposition to summary judgment. (Doc. 29). In that sur-reply, Plaintiff states that he did not file a timely response in opposition to the motion for summary judgment initially because he had the flu in September. (Doc. 29 at 1). On the merits, Plaintiff argues that summary judgment should not be granted on limitations grounds because "the Government never objected in the first instance and continued to argue their points." (*Id.*)

Defendant promptly moved to strike Plaintiff's sur-reply. (Doc. 30). Defendant points out that the sur-reply was filed without leave of court, without a showing of good cause, and that Plaintiff's vague claim of having the "flu" still does not show good cause because Plaintiff could have requested an extension of time in which to file a timely response in opposition to summary judgment. The November 17, 2017 sur-reply also was filed well beyond the October 24, 2017 deadline indicated in this Court's "show cause" Order. Last, but not least, Plaintiff's contention that the Defendant has somehow waived his statute of limitations defense is utterly without merit, as Defendant pleaded the affirmative defense in his responsive pleading. (Doc. 17 at ¶34).

By separate Order, the undersigned has declined to strike Plaintiff's (first) sur-reply. Even considering that sur-reply, however, and for the reasons stated by Defendant, it is abundantly clear that Defendant is entitled to judgment as a matter of law because Plaintiff's claim is time-barred. *See Browning*, 869 F.2d at 992.

On December 7, 2017, Plaintiff filed an additional document, captioned as a "supplement to his [memorandum] opposing summary judgment," in which Plaintiff appears to make one final attempt to escape the impact of the applicable statute of limitations in this case. (Doc. 21). As with his November 17, 2017 sur-reply, Plaintiff failed to seek leave of Court prior to filing this additional document. As a result, Defendant also has moved to strike this additional "supplement." Unlike Plaintiff's November 17, 2017 sur-reply, which the undersigned has generously exercised her discretion to consider based on Plaintiff's asserted "flu" as additional cause for his failure to timely submit an opposing memorandum prior to September 25, 2017, the undersigned declines to consider the arguments in the December 7, 2017 memorandum.

Solely in the alternative, to the extent that any reviewing court would find any basis for reviewing the December 2017 "supplemental" memorandum, the undersigned offers a further explanation. The December 2017 untimely and procedurally improper "supplement" purports to offer an entirely new explanation for tolling the applicable statute of limitations that otherwise bars his claim against the Defendant in this case. While the "new and improved" explanation contained in that memorandum is not entirely clear, the undersigned infers from one of the attached exhibits that Plaintiff is now claiming that he attempted to mail his complaint prior to the expiration of the limitations period. This inference requires a great deal of speculation by the undersigned, but is derived from review of an unverified prison grievance form that Plaintiff appears to have submitted on April 14, 2016, in which he complained that he had placed unspecified ""Legal Mail to the Federal Courts in Cincinnati" into the prison mail system more than a year earlier, on April 8, **2015.** (Doc. 31 at 6, emphasis added). According to the form,

Plaintiff claims that outgoing mail was mysteriously returned to him by prison authorities eleven months later, on March 3, 2016.

Notably, the grievance form does not identify the "legal mail" as the same civil rights complaint that Plaintiff tendered to this Court on April 15, 2016. Indeed, the complaint that Plaintiff tendered in this case was dated and signed by Plaintiff on March 28, 2016, and contains no reference whatsoever to any earlier or prior version. To the extent that Plaintiff is implying that this Court should toll the statute of limitations based upon the unspecified and allegedly misdirected "legal mail" that he suggests he placed into the institutional mail system in April 2015, he provides no proof (or frankly, any clear allegation) that the mail that was returned to him eleven months later by prison authorities was a civil complaint concerning the same allegations.

Plaintiff's latest allegation is ambiguous and speculative, untimely to the extent that it purports to respond to Defendant's September 1, 2017 motion, and procedurally improper as a second "supplement" or sur-reply filed without leave of court. The new explanation is also, quite simply, not credible. If indeed an earlier and timely version of his complaint had been returned to Plaintiff due to an errant prison mail system (as opposed to insufficient postage as indicated in the response to the grievance),[2] Plaintiff still fails to explain why he failed to re-submit the same complaint rather than typing out a new version on 3/28/16, that makes no reference to any earlier version. Even if this Court were to suspend its incredulity and accept Plaintiff's implicit argument that the

---

[2]The prison response to Plaintiff's grievance reflects that Plaintiff has no proof of the date that he placed his unspecified document in the prison mailbox in the prison yard. The response further explains that ordinarily, mail placed into the prison system is returned if it has been placed with insufficient postage, and spells out the procedure to ascertain correct postage (taking the mail to the mail room, weighing it, and obtaining a cash slip for postage that is signed in the presence of a witness). (Doc. 31 at 6).

limitations period should be further tolled based on an errant prison mail system, still, Plaintiff would not be entitled to equitable tolling.  According to Plaintiff's construed argument, he mailed some form of legal document to this Court in early April 2015 and heard nothing – yet he made no inquiry and took no action for nearly a full year, until a month after prison officials returned his mail.  Even if this Court were to suspend its disbelief, Plaintiff still would not be entitled to equitable tolling of the limitations period because he should have taken some action to ascertain the status of his "case" in this Court, but apparently did nothing for a year.

### 2. Defendant's Alternative Arguments

Because Plaintiff's claim is barred by the applicable statute of limitations, the undersigned declines to review Defendant's alternative arguments at any length, other than to indicate that Defendant appears to be entitled to qualified immunity on the grounds presented.

### III. Conclusion and Recommendation

For all the reasons discussed herein, **IT IS RECOMMENDED THAT**: Defendant's motion for summary judgment (Doc. 25) be **GRANTED, and that this case be CLOSED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICKEY POUND, SR.,                          Case No. 1:16-cv-474

      Plaintiff,                             Dlott, J.
                                        Bowman, M.J.
  v.

CORRECTIONAL OFFICER HAWKINS,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).